UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| G.P.H. FAMILY LIMITED PARTNERSHIP,     Serve:     Hansen Management Company     4001 SW 22nd St.     Blue Springs, MO 64015 | ) ) ) ) ) ) ) | |
| TRACY HINKLE,     Serve:     623 N. Spring Lake Drive     Independence, MO 64056 | ) ) ) ) ) | |
| HAWTHORNE ASSOCIATES, L.P.,     Serve:     Registered Agent Solutions, Inc.     3225-A Emerald Lane     Jefferson City, MO 65109 | ) ) ) ) ) ) | |
| POAH COMMUNITIES, LLC,     Serve:     Registered Agent Solutions, Inc.     3225-A Emerald Lane     Jefferson City, MO 65109 | ) ) ) ) ) ) | |
| GLORIA MORELOCK,     Serve:     16995 East Dover Lane     Independence, Missouri 64056 | ) ) ) ) ) | |
| DEBORAH JOHNSON,     Serve:     16995 East Dover Lane     Independence, Missouri 64056 | ) ) ) ) ) | |

10783195.1

| | |
|---|---|
| *NATHAN L. BOND,* | ) |
|     *Serve:* | ) |
|     *682 North Spring Lake Drive* | ) |
|     *Independence, Missouri 64056* | ) |
| | ) |
| *ALEXIS R. BOND,* | ) |
|     *Serve:* | ) |
|     *682 North Spring Lake Drive* | ) |
|     *Independence, Missouri 64056* | ) |
| | ) |
| *LISA M. L. BOND,* | ) |
|     *Serve:* | ) |
|     *905 Hardesty* | ) |
|     *Kansas City, Missouri 64124* | ) |
| | ) |
| *WAYNE A. MIKLE* | ) |
|     *Serve:* | ) |
|     *11405 Greenwood Road* | ) |
|     *Kansas City, Missouri 64134* | ) |
| | ) |
|                 Defendants. | ) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff American Family Mutual Insurance Company, S.I. ("American Family"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

### **PARTIES, JURISDICTION AND VENUE**

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin.

2. Defendant G.P.H. Family Limited Partnership ("GPH") is a Missouri limited partnership with its principal place of business in Missouri, and whose general partner is "Hansen Management Company".

2

10783195.1
Case 4:19-cv-00551-ODS   Document 1   Filed 07/15/19   Page 2 of 18

3. Hansen Management Company is a Missouri for-profit corporation with its principal place of business in Blue Springs, Missouri, and whose president, secretary, and sole director is Gerald P. Hansen, who is on information and belief a Missouri resident and citizen.

4. Defendant Tracy Hinkle is a citizen and resident of the State of Missouri.

5. Defendant Hawthorne Associates, L.P. is a Missouri limited partnership with its principal place of business in Missouri, and whose general partner is WCM Community Development Corporation, a Missouri corporation.

6. Defendant POAH Communities, LLC is a Delaware limited liability company registered to do business and doing business in the State of Missouri.

7. Defendant Gloria Morelock is a citizen and resident of the State of Missouri, employed by POAH Communities, LLC in the State of Missouri as a property manager.

8. Defendant Deborah Johnson is a citizen and resident of the State of Kansas, employed by POAH Communities in the State of Missouri as an assistant property manager.

9. Defendant Nathan L. Bond is a citizen and resident of the State of Missouri.

10. Defendant Alexis R. Bond is a citizen and resident of the State of Missouri.

11. Defendant Lisa M. L. Bond is a citizen and resident of the State of Missouri.

12. Defendant Wayne A. Mikle is a citizen and resident of the State of Missouri.

13. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. § 1391(b)(2), and Local Rule 3.1(b), because a substantial part of the events giving rise to this action took place within the Western District of Missouri.

# FACTS

*The Underlying Lawsuit and First Amended Petition*

15. This lawsuit arises from a lawsuit captioned *Tracy Hinkle v. Deborah Johnson et al.; Hawthorne Associates L.P. et al. v. G.P.H. Family Limited Partnership*, currently pending in the Circuit Court of Jackson County, Missouri, cause no. 1816-CV03997 (the "Underlying Lawsuit").

16. The Underlying Lawsuit arises from a shooting incident, which allegedly occurred on August 13, 2017 at, or near, the "Hawthorne Place Apartments", located at 623 North Spring Lake Drive, Independence, Missouri 64056 ("Hawthorne Place").

17. The plaintiff in the Underlying Lawsuit, Tracy Hinkle, alleges that at the time of the shooting incident she was a resident of Hawthorne Place.

18. Hawthorne Place, LP, POAH Communities, LLC, Deborah Johnson and Gloria Morelock are named as defendants in the Underlying Lawsuit, and are alleged to own and/or be employed by Hawthorne Place (the "Hawthorne Place Defendants").

19. Nathan L. Bond, Alexis R. Bond, Lisa M. L. Bond, and Wayne A. Mikle are named as defendants in the Underlying Lawsuit (the "Shooter Defendants"), and allegedly discharged firearms near Hawthorne Place, when one or more bullets struck Hinkle.

20. Hinkle alleges that she has suffered serious personal injuries, physical pain, and emotional suffering, which were caused by the actions or inactions of the Hawthorne Place Defendants and/or the Shooter Defendants.

21. Hinkle filed her First Amended Petition on April 15, 2019, in which Hinkle alleges that GPH owns certain real property located at 16301 E. US 24 Highway in Independence, Missouri, adjacent to the location of the shooting (the "GPH Property"), which is

adjacent to Hawthorne Place. A true and accurate copy of the First Amended Petition is attached to this Complaint as *Exhibit 1*, and incorporated by reference herein.

22. Hinkle alleges (in the alternative and for the first time) that if the Shooter Defendants did not discharge bullets from property owned or maintained by the Hawthorne Place Defendants, that they were alternatively fired by the Shooter Defendants from the GPH Property, resulting in injuries to Hinkle.

23. Count VII of the First Amended Petition purports to allege a claim against GPH for negligent security, which is pled in the alternative to Hinkle's claims against the Hawthorne Place Defendants, which asserts GPH breached its duty of reasonable care in securing and monitoring the GPH Property, because it allegedly knew of the violent tendencies of one or more of the Shooter Defendants, had a duty to protect Hinkle from the Shooter Defendants' discharge of firearms, which indicated they were a danger, and failed to take such precautionary actions necessary to protect individuals such as Hinkle from the history of violent and criminal activity near the GPH Property. Hinkle alleges GPH specifically breached this duty by:

    a. failing to provide adequate security on the property, failing to screen patrons entering the property for weapons;

    b. failing to provide adequate notice to the Kansas City Police Department of the danger posed by the Shooter Defendants;

    c. failing to conduct a security risk assessment;

    d. failing to property train staff to respond to potentially violent patrons; and

    e. failing to notify her Plaintiff that the security measures on the property were inadequate.

5
10783195.1
Case 4:19-cv-00551-ODS   Document 1   Filed 07/15/19   Page 5 of 18

24. Hinkle alleges she incurred damages including disability, disfigurement, loss of a normal life, impairment of general health, psychological anguish, pain and suffering, interference with past and future employment, loss of past and future wages, diminished earning capacity, and past and future medical expenses.

25. Hinkle also alleges that GPH's conscious disregard for her safety warrant an award of punitive damages.

*The Third-Party Petition and Cross-Claim*

26. On August 13, 2018, the Hawthorne Place Defendants filed a Third-Party Petition naming GPH as a third-party defendant. A true and accurate copy of the Third-Party Petition is attached to this Complaint as *Exhibit 2*, and incorporated by reference herein.

27. After Hinkle filed the First Amended Petition the Hawthorne Place Defendants filed a Cross-Claim, naming GPH as a cross-claim defendant, which re-stated the claims previously made against GPH in their Third-Party Petition. A true and accurate copy of the Cross-Claim is attached to this Complaint as *Exhibit 3*, and incorporated by reference herein.

28. Although the Hawthorne Place Defendants have asserted the same claims against GPH in their Cross-Claim as were asserted against it in the Third-Party Petition, they have not dismissed their Third-Party Petition.

29. The Hawthorne Place Defendants rely on the alternate theory alleged in the First Amended Petition that the bullet or bullets that injured Plaintiff were fired by the Shooter from the GPH Property, adjacent to Hawthorne Place. The Hawthorne Place Defendants assert three claims against GPH in the Third-Party Petition/Cross-Claim.

30. Count I of the Third-Party Petition/Cross-Claim alleges that if the Hawthorne Place Defendants are held liable for Hinkle's injuries and damages, those injuries and/or

damages were caused, or contributed to be caused, by the acts, omissions, negligence, fault, or liability of GPH, who must therefore contribute and/or indemnify the Hawthorne Place Defendants for such damages as are awarded against them in the Underlying Lawsuit for Hinkle's injuries and/or damages.

31. Count II alleges that if the Hawthorne Place Defendants owed Hinkle a duty of care, GPH owed her an identical duty, and GPH's fault must be compared by a jury at trial with that of the Hawthorne Place Defendants to reduce or bar any damages for which the Hawthorne Place Defendants may be found liable to Hinkle.

32. Count III alleges that GPH had a duty to exercise reasonable care to secure, prevent, monitor, and remove individuals from illegally discharging firearms on its property, and to the extent that the Hawthorne Place Defendants are found liable for Hinkle's damages, they were caused, or contributed to be caused, by the acts, omissions, negligence, fault, or liability of GPH.

## The American Family Policies

33. American Family did not issue any policies of insurance under which GPH is an insured.

34. American Family issued three policies naming Susquehanna Foods Inc. d/b/a McDonalds ("Susquehanna") as the "Named Insured", which are identified in Paragraphs 36, 37 and 38 below (the "American Family Policies"). Susquehanna is the only named insured, and GPH is not otherwise an insured, under any of the American Family Policies.

35. Susquehanna is a Missouri corporation in good standing. Gerald P. Hansen is, on information and belief, the president, secretary, and only member of the board of directors of Susquehanna.

36. American Family issued policy number 24XT8219-02, which contains a property coverage part and a commercial general liability part with endorsements; the insured premises and building(s) are located at 16235 E. U.S. Highway 24, Independence, MO 64056; 18910 E. U.S. Highway 40, Independence, MO 64055; and 11700 E. US Highway 24, Sugar Creek, Missouri 64054 (the "02 Policy"). Susquehana is the "Named Insured" under the 02 Policy. The policy period is 3/01/17 to 3/01/18. The 02 Policy has, subject to all of its terms and conditions, a $1,000,000 per-occurrence limit, and a $2,000,000 general aggregate limit of insurance. A certified copy of the 02 Policy is attached to this Complaint as *Exhibit 4*, and incorporated by reference herein.

37. American Family issued policy number 24XT8497-01 also contains a property and commercial general liability coverage part, the insured premises and building(s) are located at 2705 NW State Route 7, Blue Springs, Missouri 64014 (deleted via endorsement effective 11/01/07), and 4001 SW 22nd Street, Blue Springs, MO 64015 (the '01 Policy"). Susquehana is the "Named Insured" under the 01 Policy. The policy period is 3/01/17 to 3/01/18. The 02 Policy has, subject to all of its terms and conditions, a $1,000,000 per-occurrence limit, and a $2,000,000 general aggregate limit of insurance. A certified copy of the 01 Policy is attached to this Complaint as *Exhibit 5*, and incorporated by reference herein.

38. American Family issued policy number 24XT8219-01, which contains a single coverage part for employee benefit liability (the "Employee Benefit Policy"). The "Named Insured" under the Employee Benefit Policy is "Susquehanna Foods, Inc." The policy period is 3/01/17 to 3/01/18. The Employee Benefit Policy has, subject to all of its terms and conditions, a $1,000,000 per-occurrence limit, and a $2,000,000 general aggregate limit of insurance. A

certified copy of the Employee Benefit Policy is attached to this Complaint as *Exhibit 6*, and incorporated by reference herein.

39. The policies issued by American Family contain the following relevant provisions:

***"02 Policy":***

> Throughout this Coverage Form the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.
>
> * * *
>
> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
>     **1. Business Liability**
>
>         **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal injury and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…
>
> * * *
>
>         **b.** This insurance applies:
>
>             **(1)** To "bodily injury" and "property damage" only if:
>                 **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> * * *
>
> **C. Who is an Insured**
>
>     **1.** If you are designated in the Declarations as:
>
> * * *

9

    **d.**    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

                                            \* \* \*

    **b.**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

                                              \* \* \*

No person or organization is an insured with respect to the conduct or any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

                                              \* \* \*

**F.**    **Liability and Medical Expenses Definitions**

                                              \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

    **a.**    The United States of America (including its territories and possessions), Puerto Rico and Canada…

                                              \* \* \*

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

                                              \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

                                              \* \* \*

**EXCLUSION – PUNITIVE DAMAGES**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to Paragraph **B. Exclusions** in **Section II – Liability:**

This insurance does not apply to:

**Punitive Damages**

Punitive or exemplary damages.

\* \* \*

**MC DONALD'S RESTAURANTS SPECIAL COVERAGE endorsement**

\* \* \*

**II.** The **Section II – Liability** is amended as follows:

   **A.** The following is added to Paragraph **C. Who Is An Insured:**

\* \* \*

   **3.** The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

   **4.** McDonalds Corporation, McDonald's USA, LLC, and party subsidiary or affiliated company now existing or hereafter acquired or constituted and any company, partnership or joint venture created, owned or controlled by McDonald's Corporation, McDonald's USA, LLC any parent, subsidiary or affiliated company. With respect to McDonald's Corporation and McDonald's USA, LLC, this insurance is primary to and will not seek contribution from any other insurance available to them.

   **5.** Any person(s) or organization(s) if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) is an additional insured on your policy. Such person(s) or organization(s) is an additional insured only with respect to liability for bodily injury", property damage" or personal and advertising injury" caused, in whole or in part, by:

   **a.** Your acts or omissions; or
   **b.** The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations.

   However, the insurance afforded to such additional insured:

   **a.** Only applies to the extent permitted by law; and
   **b.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

11

A person's or organization's status as an additional insured ends on the earlier of the date:

a. When your operations for that insured are completed; or
b. The contract or agreement you have entered into with the additional insured is terminated.

\* \* \*

**C.** Paragraph F.3. Liability and Medical Expenses Definitions is deleted and replaced by the following:

3. "Bodily injury" means bodily injury, sickness, disease or mental anguish sustained by a person, including death resulting from any of these at any time.

\* \* \*

*"01 Policy":*

Throughout this Coverage Form the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

\* \* \*

**SECTION II – LIABILITY**

**A. Coverages**

    **1. Business Liability**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal injury and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

\* \* \*

        b. This insurance applies:

           (1) To "bodily injury" and "property damage" only if:
               (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

12

**C. Who is an Insured**

1. If you are designated in the Declarations as:

    \* \* \*

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

    \* \* \*

    b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

    \* \* \*

    No person or organization is an insured with respect to the conduct or any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

    \* \* \*

**F. Liability and Medical Expenses Definitions**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

    **a.** The United States of America (including its territories and possessions), Puerto Rico and Canada…

    \* \* \*

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

    \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13

* * *

EXCLUSION – PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to Paragraph **B. Exclusions** in **Section II – Liability:**

This insurance does not apply to:

**Punitive Damages**

Punitive or exemplary damages.

* * *

*Employee Benefit Policy:*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

**SECTION I – COVERAGE**

1. **Insuring Agreement.**
    a. We will pay those sums the insured becomes legally obligated to pay as a result of damages sustained by:

        1)  An employee,
        2)  A prospective employee, or
        3)  A former employee

        of the insured, or their beneficiaries or legal representatives, in the "administration" of the insured's "Employee Benefits Programs". No other obligation or liability to pay sums or perform acts or services is covered unless specifically provided for under SUPPLEMENTARY PAYMENTS. The damages must be causes by any negligent act, error or omission of the insured or any other person for whose acts the insured is legally liable. We will have the right and duty to defend any "suit" seeking those damages…

2. **Exclusions.**
    This insurance does not apply to:
    a. "Bodily injury" or "property damage".

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    * * *

    c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    * * *

**SECTION V – DEFINITIONS**

1. "Administration" means:

    a. Giving counsel to employees respecting "Employee Benefit Programs";
    b. Interpreting the "Employee Benefit Programs";
    c. Handling records in connection with the "Employee Benefit Programs"; or
    d. Effecting enrollment, termination or cancelation of employees under the "Employee Benefit Programs";

2. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    * * *

5. "Employee Benefit Programs" means group life insurance, group health insurance, profit sharing plans, pension plans, employee stock subscription plans, workers' compensation, unemployment insurance, social security, disability benefits insurance and travel, savings or vacation plans.

    * * *

**Tender and Defense Under Reservation of Rights**

40. GPH tendered to American Family and demanded a defense and indemnity for the allegations made against it in the Third Party Petition in the Underlying Lawsuit.

41. American Family agreed to and is currently providing GPH with a defense in the Underlying Lawsuit, subject to its reservation of rights.

## COUNT I – DECLARATORY JUDGMENT

42. American Family incorporates, as if fully set forth herein, the allegations set forth in paragraphs 1 through 41 above.

43. The American Family Policies provide coverage for covered claims according to each of their respective terms and conditions , including any endorsements and exclusions to coverage. There is currently a justiciable issue regarding whether American Family has a duty to defend and/or indemnify GPH under the American Family Policies for any of the claims made, and/or damages sought, in the First Amended Petition and/or Third-Party Petition/Cross-Claim.

44. The allegations contained in the First Amended Petition and/or Third-Party Petition/Cross-Claim allege that GPH breached its duty to exercise reasonable care to secure, prevent, monitor, and remove individuals from illegally discharging firearms on the GPH Property, and to the extent that the Hawthorne Place Defendants are found liable, GPH is therefore obligated to contribute, indemnify, or otherwise offset each of their respective liability.

45. GPH is not an "Insured" and there is no coverage whatsoever, including any duty to defend and/or indemnify it under the 02 Policy.

46. GPH is not an "Insured" and there is no coverage whatsoever, including any duty to defend and/or indemnify it under the 01 Policy.

47. Furthermore, and even if the 02 Policy otherwise provided coverage it contains a "Punitive Damages" exclusion, set forth in paragraph 39 above, which excludes coverage for any punitive or other exemplary damages sought or obtained in the Underlying Lawsuit.

48. Furthermore, and even if the 01 Policy otherwise provided coverage it contains a "Punitive Damages" exclusion, set forth in paragraph 39 above, which excludes coverage for any punitive or other exemplary damages.

49. There is no coverage whatsoever under the Employee Benefit Policy, because GPH is not an "insured" under the Employee Benefit Policy.

50. Furthermore, even if the Employee Benefit Policy otherwise provided coverage, the allegations made against GPH in the Litigation, including those in both the First Amended Petition and/or the Third-Party Petition/Cross-Claim, do not trigger coverage under the policy's insuring agreement.

51. Even if coverage was triggered under the Employee Benefits Policy, that policy's "bodily injury" and/or "property damage" exclusions, set forth in paragraph 39 above, apply and exclude coverage for any injuries and/or damages arising out of the shooting incident, and/or any other claims and allegations contained in the First Amended Petition and/or Third Party Petition/Cross-Claim.

52. American Family does not have a duty to defend and/or to indemnify GPH for any of the allegations, claims, or damages asserted in the Underlying Lawsuit, because there is no coverage for GPH under any of the American Family Policies, or under any other policy of insurance issued by American Family.

53. There is a present and justiciable controversy or dispute over coverage under the American Family Policies, including whether American Family has a duty to defend and/or a duty to indemnify GPH from claims made in the Underlying Lawsuit, including those contained in the First Amended Petition and/or Third Party Petition/Cross-Claim. This controversy is ripe for determination.

WHEREFORE, Plaintiff American Family Mutual Insurance Company, S.I. prays this Court to enter judgment in its favor, and against Defendants G.P.H. Family Limited Partnership, Tracy Hinkle, Hawthorne Associates, L.P., POAH Communities, LLC, Gloria Morelock,

17
10783195.1
Case 4:19-cv-00551-ODS   Document 1   Filed 07/15/19   Page 17 of 18

Deborah Johnson, Nathan L. Bond, Alexis R. Bond, Lisa M. L. Bond, and Wayne A. Mikle, declaring that American Family has no duty to defend and/or indemnify GPH; there is no coverage under the American Family Policies, or any of them individually, for any of the claims, injuries, and/or damages sought in the First Amended Petition, Third-Party Petition, Cross-Claim, and/or as otherwise may be alleged, or claimed to be alleged against GPH in the Underlying Lawsuit; and finding that American Family does not otherwise have any duty to defend and/or indemnify GPH in the Underlying Lawsuit, and/or as to any of the other Defendants in the Underlying Lawsuit; there is not any coverage for any damages or other relief sought by Hinkle because of her alleged injuries, and/or otherwise with regard to the allegations and/or claims for relief in the First Amended Petition and/or Third Party Petition/Cross-Claim, and/or any other allegations in them, or otherwise in connection with any other allegations or claims made, or sought to be made, in the Underlying Lawsuit; for its costs, and for all further orders and relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/*Philip C. Graham*
Philip C. Graham, #40345MO
Benjamin R. Wesselschmidt, #66321MO
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: pgraham@sandbergphoenix.com
E-mail: bwesselschmidt@sandbergphoenix.com

Attorneys for Plaintiff *American Family Mutual Insurance Company, S.I.*